UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID ALAN CARTER,

        Plaintiff,

        v.                              Case No. 20-C-1433

WISCONSIN DEPARTMENT OF CORRECTIONS,
et al.,

        Defendants.

## ORDER

        The plaintiff, a prisoner proceeding *pro se*, filed a complaint in the above captioned action. The plaintiff has also filed a motion for leave to proceed without prepayment of the filing fee. The total cost of filing a civil action is $400.00, which includes the $350.00 statutory filing fee and a $50.00 administrative fee. However, the $50.00 administrative fee does not apply to persons granted *in forma pauperis* status. Pursuant to the Prison Litigation Reform Act (PLRA), a prisoner plaintiff proceeding *in forma pauperis* is required to pay the statutory filing fee of $350.00 for any civil action. *See* 28 U.S.C. § 1915(b)(1).

        Under the PLRA, which amended the *in forma pauperis* statute, the court must assess an initial partial filing fee of twenty percent of the average monthly deposits to the plaintiff's account or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the complaint, whichever is greater. *Id.* After the initial fee is paid, the prisoner must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). "The agency having custody of the prisoner

shall forward payments from the prisoner's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fees are paid." *Id.*

The plaintiff filed a certified copy of his prisoner trust account statement for the 9-day period immediately preceding the filing of the complaint as he is newly incarcerated, instead of six months as is required under 28 U.S.C. § 1915(a)(2). A review of this information reveals that, during this short time, the average monthly deposit in the plaintiff's prison account was zero and the average monthly balance to the account was zero. Thus, the plaintiff has neither the assets nor means to pay the initial partial filing fee.

A prisoner will not be prohibited from bringing a civil action for the reason that he lacks the assets and means to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4). Therefore, the plaintiff will be granted a waiver of payment of the initial partial filing fee in this case. However, he is still obligated to pay the full filing fee pursuant to the statutory formula set forth in 28 U.S.C. § 1915(b)(2). *See* 28 U.S.C. § 1915(b)(1).

The PLRA also provides that if a prisoner files more than three actions or appeals which are dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, the prisoner will be prohibited from bringing any other actions *in forma pauperis* unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). In the event that this action is later dismissed for any of the above reasons, it will have an impact on the prisoner's ability to bring other actions *in forma pauperis*. Accordingly, the plaintiff will be afforded an opportunity to voluntarily dismiss this action to avoid incurring a "strike" under § 1915(g).

**Notice to Plaintiff**: If you do not wish to pay the filing fee as set forth in this order or do not wish to proceed with this action to avoid incurring a "strike" under § 1915(g), you must notify

the court by filing a letter with the Clerk of Court within 21 days from the date of this order stating that you do not wish to prosecute this civil action. If you write such a letter, this case will be dismissed without prejudice. Voluntary dismissal will not be counted as a "strike" under § 1915(g).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(4), the plaintiff will not be required to pay an initial partial filing fee.

**IT IS FURTHER ORDERED** that, if he wishes to voluntarily dismiss this action to avoid the possibility of incurring a strike under 28 U.S.C. § 1915(g), the plaintiff shall so notify the court within 21 days of the date of this order.

Upon expiration of the specified time, the court will determine whether the action can continue *in forma pauperis*. The court will review the complaint to determine whether the action is frivolous, malicious, or fails to state a claim upon which relief can be granted. If the complaint is legally sufficient, the action will be allowed to proceed.

Plaintiff is further advised that failure to timely notify the Clerk of Court of any change of address could result in in orders or other information not being timely delivered, thus affecting the legal rights of the parties, and could result in dismissal of this action for failure to prosecute.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

Dated at Green Bay, Wisconsin this 22nd day of September, 2020.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge