UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID ALAN CARTER,

        Plaintiff,

        v.                       Case No. 20-C-1433

WISCONSIN DEPARTMENT
OF CORRECTIONS, et al.,

        Defendants.

# AMENDED SCREENING ORDER

Plaintiff David Alan Carter, who is currently serving a state prison sentence at the Dodge Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On September 29, 2020, the court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. It has come to the court's attention that Plaintiff had filed an amended complaint, which supersedes the original complaint, before the court entered its screening order. The court's September 29, 2020 Screening Order (Dkt. No. 19) and Judgment (Dkt. No. 20) are vacated. This Amended Screening Order supersedes the original order. This matter comes before the court on Plaintiff's motions to proceed without prepayment of the filing fee, for appointment of counsel, and to add a defendant and to screen Plaintiff's amended complaint.

## MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff filed a certified copy of his prisoner trust account statement for the 9-day period immediately preceding the filing of the

complaint, as he is newly incarcerated, instead of the six-month trust account statement that is required under 28 U.S.C. § 1915(a)(2). Due to insufficiency of funds, he was not required to pay an initial partial filing fee. Plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to

2

relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## THE COURT'S ANALYSIS

Plaintiff alleges that on July 9, 2020, he received a letter from the Wisconsin Department of Corrections (DOC) stating that an "employee with the DOC noticed a breach of [protected health information] in individuals in the DOC's care; individuals residing at treatment facility's [sic] were affected by this breach." Compl., Dkt. No. 1, at 4. The letter stated that the three vendors that did not "properly mask" the treatment facilities were Defendants Union Supply Direct, Access Secure Pak, and Jack L. Marcus. *Id*., at 5. Plaintiff alleges that this breach has caused him to be "very hesitant about getting further [mental health] treatment he desperately needs." *Id*.

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Plaintiff seeks to assert a claim under the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Publ. L. No. 104-191, 110 Stat. 1936. HIPAA provides that the Secretary of Health and Human Services can seek both civil and criminal penalties for improper disclosures of protected health information. *See* 42 U.S.C. §§ 1320d-5(a)(1), 1320d-6. There is no express language in the statute conferring a private right of action, and courts have routinely held that HIPAA does not create a private cause of action

3

pursuant to 42 U.S.C. § 1983. *See Carpenter v. Phillips*, 419 F. App'x 658, 659 (7th Cir. 2011). Accordingly, Plaintiff has failed to state a claim upon which relief can be granted.

Plaintiff has provided no arguable basis for relief from the courts, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's second motion for leave to proceed *in forma pauperis* (Dkt. No. 18) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to add defendants (Dkt. No. 15) is **DENIED as moot** due to the filing of the Amended Complaint.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim**.

**IT IS FURTHER ORDERED** that, due to the dismissal of this claim, Plaintiff's motions to appoint counsel (Dkt. Nos. 2 and 9) are **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If

Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

Dated at Green Bay, Wisconsin this __30th__ day of September, 2020.

                                            s/ William C. Griesbach
                                            William C. Griesbach
                                            United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.